

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 9:16-CR-27(5)** |
| | § | |
| | § | |
| **TIFFANY STOVALL** | § | |

**REPORT AND RECOMMENDATION
ON PRO SE MOTIONS REQUESTING RELEASE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. Pending before the Court for purposes of this report are the defendant Tiffany Stovall's pro se "Motion for Extended Home Confinement Under the [CARES] Act;" (doc. #288); and "Emergency Motion for Compassionate Release in Response to COVID-19 Pandemic" (doc. #291).

**I.   Background**

A.   Procedural History

On December 7, 2016, a federal grand jury indicted the Defendant, Tiffany Stovall, and six co-defendants in a multi-count Indictment.  *See Indictment* (doc. #1).   Ms. Stovall was named

1

in Count One and Count Eight of the Indictment. Count One charges conspiracy to distribute methamphetamine in violation of 21 U.S.C § 846. Counts Eight charges possession with intent to distribute five (5) grams or more of methamphetamine in violation of 21 U.S.C § 841(a)(1).

On February 28, 2017, Ms. Stovall appeared before the undersigned to enter her plea of guilty to Count One of the Indictment pursuant to a plea agreement. On July 20, 2017, Tiffany Stovall appeared before United States District Judge Ron Clark for sentencing. Judge Clark ultimately sentenced Stovall to 72 months imprisonment to be followed by four (4) years of supervised release. *See Judgment* (doc. #227).

Ms. Stovall also has a prior federal conviction, imposed in case number 9:11-CR-33. In that case, Judge Clark sentenced Ms. Stovall to 57 months imprisonment and two (2) years of supervised release after she pled guilty to possession of a listed chemical in violation of 21 U.S.C. § 841(c)(2). *See Judgment*, doc. #410 in 9:11-CR-33, filed May 30, 2012. The Court found that Ms. Stovall violated her conditions of supervision in that case twice. There were, accordingly, two supervision revocations. The most recent revocation judgment, entered by Judge Clark on August 22, 2017, sentenced Ms. Stovall to 11 months imprisonment in 9:11-CR-333 to run consecutively to the 72 month prison term imposed in this case. *See Revocation Judgment*, doc. #522 in 9:11-CR-33. Ms. Stovall is, therefore, currently serving a total term of 83 months imprisonment. According to information provided by the Bureau of Prisons (BOP), her projected release date is January 10, 2023. *See* https://www.bop.gov/inmateloc/ (last checked August 26, 2020).

B. Defendant's Motions

Ms. Stovall recently filed several motions, pro se. *See Motions* (doc. #287, #288, #291).

To summarize, the defendant is seeking a reduction of her sentence based on her efforts made towards rehabilitation while incarcerated, which Judge Clark recently denied. *See Motion* (doc. #287); *Order* (doc. #292). She also references the fact that COVID-19 "has struck" the Federal Medical Center (FMC) Carswell where she is serving her sentence. *See id*. She relatedly requests that she be released to home confinement and for "compassionate release" due to COVID-19. *See Motions* (doc. #288, doc. #291). In her most recent motion (doc. #291), she outlines her arguments in support of release due to COVID-19 in detail and sets forth the relevant factors to consider. She generally argues that she has not been in any trouble while incarcerated, she has not received necessary health care for lumps found in her breasts, she is not a danger to the community, and FMC Carswell has been significantly impacted by COVID-19.

The Government opposes Ms. Stovall's requests for reduction in sentence and release. *See Response* (doc. #289). The Government generally argues that the Court does not have the authority to convert Ms. Stovall's incarceration to home confinement because the BOP has the ultimate authority to make the determination where a defendant will serve her term pursuant to 18 U.S.C. § 3621. *See Response*, at pp. 4-6. The Government further contends that Defendant's motions should be denied on compassionate release grounds because Stovall has not met the necessary requirements to show that "extraordinary and compelling" circumstances specific to her which would qualify her for release under 18 U.S.C. § 3582(c)(1)(A) and the applicable Sentencing Guideline provisions. *See Response*, at pp. 9-15.

**II.    Analysis**

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C.

§ 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> "The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)   extraordinary and compelling reasons warrant such a reduction; or
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This provision is commonly referred to as "compassionate release." *See, e.g., United States v. Caruthers*, No. 2:11-763, 2018 WL 1629141, at *1-*2 (S.D. Tex. April 4, 2018).

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."); *Caruthers*, at *1 (same). The First Step Act amended Section 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M,

4

2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust her administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'") (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

In her most recent motion, Stovall attaches a form letter from the BOP denying her request for a reduction. *See Ex A to Motion* (doc. #291), at pp. 18. The Court therefore construes this as a denial. Even if Stovall has exhausted her administrative remedies as required, the Court concludes that her motions should be denied on the merits.

An applicant for compassionate release must show the existence of extraordinary and compelling reasons warranting release. Here, Stovall has not included any supporting documentation regarding her claims that she has medical issues that are not being properly addressed in the BOP. She avers that she is awaiting imaging to screen lumps found in her breasts four months ago. She then jumps to an allegation that she is at a "higher risk" because she has not received this screening medical care. She offers no supporting documentation or medical evidence specific to her indicating how these circumstances are "extraordinary and compelling," thus entitling her to release or home confinement. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the

defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Ms. Stovall is only 31 years of age and does not argue that her family is in need of a caregiver. She fails to offer evidence otherwise indicating that any of the four categories apply in her case. As a result, she fails to meet the requisite standard for compassionate release.

Furthermore, even if Stovall had presented some arguable basis for compassionate release, there still must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Stovall's criminal history weighs against a finding of release. She has two federal controlled substance convictions and prior revocations of supervised release. Although she argues that she has been rehabilitated while incarcerated, she has clearly shown a penchant for the disregard of law and conditions of release. She also has four (4) prior state convictions, including failure to identify, theft by check, possession of a controlled substance, and fraudulent use of a credit card. *See Sealed Presentence Investigation Report* (doc. #204), at pp. 13-14. Given this history and Stovall's background of recidivism, the Court finds that Stovall presents a danger to the community to the extent that early compassionate release is not warranted.

This background and criminal history also justify maintaining her current sentence as opposed to early release. *See United States v. Hunt*, No. 6:14-CR-0023-01, 2020 WL 1493042, at *2-*3 (W.D. La. Feb. 19, 2020); *report and recommendation adopted*, No. 6:14-CR-00203-01, 2020 WL 1492683 (W.D. La. Mar. 26, 2020). As noted above, Section 3852(c)(1)(A) obligates the Court to consider the sentencing factors, enumerated in 18 U.S.C. § 3553(a), including the

history and characteristics of the offender.  *See id.; see also* 18 U.S.C. § 3553(a)(1).  Ms. Stovall pled guilty to one of the most serious of drug crimes charged by the Controlled Substances Act - conspiracy to distribute methamphetamine.  Defendant's history of similar offenses suggests that an early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence of future criminal conduct, or protect the public from further crimes.  *See Hunt*, at *4.  Taking the original sentence imposed into context along with her prior convictions and supervised release revocations, the Court concludes that the original sentence should remain intact as imposed by the District Court.

Moreover, Stovall's concerns about COVID-19 and generalized complaints about the conditions at FMC-Carswell do not establish that the BOP cannot manage any outbreak that may occur within her correctional facility or that the facility is specifically unable to treat her, if she were to contract the virus and develop COVID-19 symptoms while incarcerated.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G.

§1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).")[1].

In summary, Stovall has failed to satisfy her burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). Generic arguments about the conditions at FMC Carswell are insufficient. As discussed, her allegations about her medical conditions are unsupported. She has not made the requisite showing to justify compassionate release. The Court finds no "extraordinary or compelling" circumstances.

### III.  Conclusion and Recommendation

Accordingly, based on the findings and legal conclusions stated above, the undersigned recommends that the Court **deny** Defendant Tiffany Stovall's Motion for Extended Home Confinement (doc. #288) and Motion for Compassionate Release (doc. #291).

### IV.  Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's

---

[1] In fact, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. *See United States v. Collins*, No. 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. April 4, 2020) (citing CARES Act, Pub. L. No. 116-136, and March 26, 2020, Memorandum to the BOP by Attorney General Barr).

failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 31st day of August, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE